|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

JOHNNY KIDDER and AMY KIDDER,          §
                                       §
            Plaintiffs,                §
                                       §
versus                                 §      CIVIL ACTION NO. 1:25-CV-107
                                       §
DEEP SOUTH TRUCKING & RV, LLC,         §
GREAT AMERICAN RV SUPERSTORES,         §
JAYCO RV, INC., and RVS FARMS I, INC.  §
d/b/a SHERROD RV CENTER INC.           §
d/b/a EXPLOREUSA RV SUPERCENTER,       §
                                       §
            Defendants.                §

## MEMORANDUM AND ORDER

On April 24, 2025, in accordance with Rule 7.1(a) of the Federal Rules of Civil Procedure, the court ordered the parties to file a disclosure statement by April 30, 2025, naming and identifying the citizenship of the parties for the purpose of determining diversity jurisdiction (#17). Counsel for Defendants Great American RV Superstores ("Great American") and Jayco RV, Inc. ("Jayco") (collectively, "Defendants"), filed their disclosure statement (#18) on the same day that the order was issued. In their statement, Defendants claim that Plaintiffs, Johnny Kidder and Amy Kidder, are both citizens of the State of Texas, that Great American is a citizen of the State of Louisiana, and that Jayco is a citizen of the State of Indiana. Defendants contend that Deep South Trucking & RV, LLC, was incorrectly named, as there is no such entity registered with the Louisiana Secretary of State. Defendants aver that the only known members of the alleged proper entity, Deep South Truck & RV Center, LLC, are citizens of Louisiana. Lastly, Defendants state that Defendant, RV Retailer, LLC, d/b/a ExploreUSA RV Supercenter ("RV Retailer"), had not

been properly joined and served at the time Defendants removed the action.[1]  Accordingly, Defendants claim that RV Retailer's citizenship for purposes of removal need not be considered. Counsel for Plaintiffs filed a separate disclosure statement on April 28, 2025, wherein they assert that they are citizens of Texas.

Section 1441(b)(2) provides that a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any party properly joined and served as a defendant is a citizen of the State in which such action is brought.  28 U.S.C. § 1441(b)(2).  Known as the forum defendant rule, § 1441(b)(2) operates to bar removal where the federal court has subject matter jurisdiction pursuant to § 1332, but at least one defendant is a citizen of the forum state. *Id.*; *Lincoln Prop. Co.*, 546 U.S. at 90.  Accordingly, the forum defendant rule prevents removal in cases where, pursuant to the language in § 1441(a), it would otherwise be proper.  28 U.S.C. § 1441(b)(2); *Lincoln Prop. Co.*, 546 U.S. at 90.

The United States Court of Appeals for the Fifth Circuit recently interpreted § 1441(b)(2) to require a forum defendant to be both joined and served before the statute's prohibition on removal applies.  *Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020); *see In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022); *BKL Holdings, Inc. v. Globe Life Inc.*, No. 4:22-cv-00170, 2022 WL 2119116 (E.D. Tex. June 13, 2022).  Stated another way, § 1441(b)(2) does not apply "until a home-state defendant has been served in accordance with state law." *Tex. Brine Co., L.L.C.*, 955 F.3d at 486.  Consequently, the Fifth Circuit's interpretation

---

[1] In their Original Petition (#3), Plaintiffs assert claims against RVS Farms I, Inc., d/b/a Sherrod RV Center, Inc., d/b/a ExploreUSA RV Supercenter ("RVS Farms").  Plaintiffs' First Amended Petition (#4), however, appears to replace RVS Farms with RV Retailer.  Defendants claim that RV Retailer was never served with the Amended Petition.

permits snap removal. Snap removal enables a defendant to remove a case in which a forum defendant has been properly named in the action, so long as the notice of removal is filed before the plaintiff effectuates service on the forum defendant. *Tex. Brine Co., L.L.C.*, 955 F.3d at 485; *see In re Levy*, 52 F.4th at 246. The authorization of snap removal does not, however, negate the requirement that the parties be completely diverse. *In re Levy*, 52 F.4th at 246. Thus, snap removal is not available, nor is it implicated, where the plaintiff is also a citizen of the forum state. *Id.* When the basis for jurisdiction rests solely on 28 U.S.C. § 1332(a), complete diversity is still required even if one or more defendants have not been served. *Id.* (citing *N.Y. Life Ins. Co. v. Deshotel,* 142 F.3d 873 (5th Cir. 1998)). Accordingly, RV Retailer's citizenship is relevant to the determination of subject matter jurisdiction in this case.

    Because the parties' disclosure statements do not fully comport with Rule 7.1 in that they do not disclose the citizenship of *all* parties, the court orders the parties to file an amended disclosure statement by 5:00 p.m. on April 30, 2025, naming and identifying the citizenship of each individual or entity whose citizenship is attributed to that party or intervenor for purposes of establishing jurisdiction based upon diversity of citizenship.

    SIGNED at Beaumont, Texas, this 29th day of April, 2025.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE